313-0216 People of the State of Illinois Appellee by Mark Russell v. Kareem Haynes Appellant by Sean Collins Stapleton May it please the Court, Counsel, My client's speedy trial rights were violated because his jury waiver did not delay the proceedings and because his trial counsel was ineffective for initially acquiescing to the delay of the jury waiver. The parties agreed that 142 days of delay on the speedy trial clock are attributable to the State. At issue here are the 61 days spanning Kareem's jury waiver on the 4th of September and the State's motion of continuance on November 2nd. Now that jury waiver on the 4th of September did not delay the proceedings because the speedy trial term ended on December 19th and that provided over three months for the State to try this very simple drug case. Moreover, Kareem had a constitutional right to a bench trial and sacrificing the speedy trial rights for his jury waiver impermissibly burdens that right to a bench trial. Moreover, although his original jury trial was scheduled on September 11th, I don't see any reason why the Court couldn't have held the bench trial on the 11th as in his prior case, Kareem waived his jury trial on the 11th of July and he was trying to bench on July 12th. So I don't see how the Court could have felt the need to move the case three months in advance, which of course greatly frustrated his right to a speedy trial. This was a defendant who invoked his right to a speedy trial and then he invoked his right to a bench trial and the Court moved the case three months in advance. The right to a speedy trial gives the defendant some control over the proceedings. By allowing the Court to, by saying that the jury waiver stops the speedy trial right, it allows the Court to then set the trial date. And in this case, obviously frustrated his right to a speedy trial by moving it three months in advance. There are conflicting issues here, right? One is his right to a speedy trial, the other is the state's desire to get it done during that period but for whatever reasons can't do it. The standard as I understand it is reasonable. Is that bank of time a reasonable amount of time for the trial to take place? I'm troubled by when it's not reasonable. How do you draw that line? Obviously there's no bright line but are there guidelines for us? I think that when, I think a good way to do this would be early in the term to ask the defendant is this going to be a bench or a jury? And then set the date, you know, into the term so the state has plenty of time to prepare its case. I think there's no showing here that my client didn't make a good faith jury waiver. Again, it was three months before the term. If anything, he was trying to, by waiving the jury, he was trying to speed things up even. I mean, he was sacrificing the, obviously it's more burdensome to have a jury. What you're saying is what happened here is they looked at when the waiver occurred to when the date for the jury was set. Well, the date, for example, was set. Well, that was within like a week. And I'm saying if you can't try the defendant then, as you did in the previous case, again, there was one day difference between the jury waiver and the jury and the bench trial in the previous case. So if you can't do it in the fifth, certainly you can have a trial within three months. Again, this is a fairly simple drug case. Well, back to Justice Litton's question. We're looking at some type of calculus here. So you're saying that the proper end date is when the term ends. And how close to any action taken by the defendant, arguably, before the term ends? I think as far as the defendant showing not good faith and using his jury waiver as a sword against the state, I think certainly if you're coming up very soon on the term and suddenly the defendant is requesting a bench trial suddenly, as in the case that we cite where there's a day or two before. But again, counsel is involved with this. And if you go as the procedure here was, the Cremon Counsel obviously got together and said, we're going to go for a bench trial. We are three months out of the term. So I think that is a solid procedure, I would say. And it doesn't sacrifice my client's trial rights or burden his desire to have a bench trial, which of course is also a constitutional right. Mr. Collins-Stapleton, it seems to me, let me frame the question a little differently. Is there case law that indicates what you have to do to be the cause of a delay? Do you have to ask for a continuance for a delay? And is it actually delay attributable to the defendant if he just tries to exercise his right? And because of the way the court has its schedule set up, it results in a delay. In other words, does he have to seek a delay? Or is he also responsible for delays that are not his responsibility for the exercise of his right? Is that clear what I'm asking you? Well, I think that once you are early in the term, let's get this straight, early in the term. We're three months out. Is it a jury or a bench? We'll do a bench. And now we have, at that point, the state has responsibility to try him by the end of the term. The defense has responsibility, of course, an ethical responsibility to go present the case. And defense counsels can't ask for a speed trial if the defense counsel is not prepared to defend the case. And the court has to provide the venue within that term. And if the state has problems with witnesses or other things, that's just general speed trial. That's the point of speed trial. The state is responsible for trying the defendant within the term. I'm sorry if I didn't answer your question. So you're saying we've got three whole parties here. We've got the defense, we've got the prosecution, and now the court. And you're suggesting that the court has an obligation to provide the venue within the speedy trial demand period. Yes. If that's the case, then any procedural considerations that the court might have in terms of scheduling it should be not heard. Is that right? Should be not heard or considered. I think that's right. I think that once that term is set, you probably would schedule the bench trial not at the very end of the term, but you schedule it a month out, and if for some reason there's not a witness available, you could reschedule it for another month out to give the state some leeway, right? I don't know. I think I just created bright-line rules that you've got to have the venue. Well, you have to have the trial within the term, right? And that's the whole point of the speedy trial. This was already set for a jury trial. It was set for a jury trial on the 11th. Right. Right. And everybody was ready for the jury trial? We don't know. The defense was ready, I think. That's clear. Okay. Because they didn't present any evidence. So when your client asked for a bench trial, what the trial court said, at least what's presented to us here, is I have a period of time that I set aside for bench trials. And so your trial now has to be pushed down the road so that it's time for a bench. I can schedule it for a bench trial. I don't have a problem with the court doing that because when it was scheduled it was within the range, but I don't know what their justification is for attributing the delay to the defendant. I don't think there is any in that case because, again, you left plenty of time for a trial to occur within the speedy trial term. It's the court's job to get the trial in at the speedy trial term. If there's going to be a problem, then the courts have said, well, like I did in this previous case, I'll hold the bench trial on the jury trial date. Well, I did that once. So if there's going to be a problem where the state really needed all the witnesses on September 11th, well, the jury trial rule the court said was in effect, even though it wasn't in effect apparently in the previous case, we'll just have to go by the wayside. You have to give the defendant his trial within the speedy trial deadline. That would be fair to the defendant and fair to the state. If the state was only able to go on September 11th, then you've got to have the bench trial then. Well, I guess it brings me back to my original question. You know, you said, what about the examples of a jury that was set for 10 days before the time was to run and the defendant asks for a bench trial? Whether it's an intentional effort to get around the 10 days or not doesn't matter. Right. Should that not be charged to him then? Or you could just try him on the day of the jury trial. Yes, maybe. I mean, there are schedules. Well, someone has to be tried that day. In your example, that defendant was going to be tried on that jury trial date, and so suddenly he's switching up. Under no circumstances can that be. Well, there's an alternative. It's just try him on that date. Right. Are there any circumstances under which? Well, I think that if there seems to be some evidence that the defendant is trying to game the system, right, he's trying to manipulate the system, whereas it's impossible to have the bench trial, that jury trial date, for whatever reason. Maybe the defendant knows that. I think that if there's any showing, as in some of the cases we cite where it's a last-minute change, then I think that's arguable that that can delay attributable to the defendant. But when you are three months out, like in this case, and, again, three months is plenty of time to try a simple drug case. Well, we have more facts than just this. What happened after we ultimately got a trial when? On January 29th, a month and a half after what I am saying was the speed trial deadline. Right. So what is wrong with that at that point? Did the counsel agree to that? Well, counsel, as we know, acquiesced for some reason at the time the jury waiver was, but the very next date, on November 2nd, he said, no, wait a second, that jury waiver is not delay attributable to us because, look, Your Honor, you set the bench trial within the original speed trial term. And so if you are going to try this case, you have to try it within the speed trial term, and otherwise you're going to have a speed trial problem. And, in fact, the state can't claim they were surprised by this at all or prejudiced because the state, having heard counsel argue that the term was on the 19th, changed elections in the case and tried to prosecute them for the other case within that original speed trial term of the 19th. Under the statute, didn't both of those cases have to be heard within the 160 days? My understanding, Your Honor, is you try one after another after another. But both of them had to be tried within the 160 days after his original acquittal. I'm actually not sure the answer to that. I was focused on this one case, so I'm not sure what the answer to that is, Your Honor. And as for counsel's acquiescence, I think that it's pretty clear that the counsel's ineffective for doing that. After he acquiesced, the very next court date, he makes a 100-degree turn and says, no, no, no, that delay is not attributable to me, my client. And if you try him after the 19th, that would be a speed trial violation. And so counsel basically argued his own ineffectiveness in that case. And certainly my client was prejudiced because he was, in fact, tried a month and some time after the speed trial date. And the only way beyond that date, you're saying, would be either agreement by the defendant to keep going outside of their weight in the speed trial, or that Section 103.5e, which is a request by the state which gives the state an extension. Right. And there's no evidence in the record that the state made that application under 103.5e because there was no due diligence argued at that hearing. In fact, the witness that was absent was never called at our trial, so there wasn't a material witness to the case. But that would be another way to extend out the period, of course. If the court has no more questions. Thank you. Thank you. Mr. Russell, good afternoon. Justice McDade has heard me say this earlier. I've been a little ill, and I apologize if I'm a little rough in voice and maybe start coughing at some point, so I'll try to avoid that. May it please the court? Counsel? The defendant's argument centers on whether by requesting a bench trial, any resulting delay in the scheduling of the trial is attributable to the defendant. And the case law that the people cited on pages seven and eight of our brief shows that when a defendant waives a jury shortly before the scheduled jury trial, then the delay is attributable to the defendant. And he is asserting that the jury waiver was not a delay that would be attributable to him, but the record shows that defendant and his counsel specifically acquiesced to the new bench trial date that was set out, but it was still within the 160-day term. And at that time, defendant and his counsel agreed that the delay was going to be charged to defendant. But at the same time, in that same conversation, defense counsel maintained his PD trial claim that he had made earlier. In this case, the defendant was charged in three separate cases. And he was charged in this particular case, 12 CF 32, on January 18, 2012, while he was in custody on a prior charge. And according to defendant's motion for a new trial, he was charged in the third case, 12 CF 222, while he was in custody on the prior two charges. And then as counsel has mentioned, on July 11, 2012, hearing was held on all three charges. The trial judge noted that defendant at that time had indicated that he was waiving his jury trial, and so the following day they did have a bench trial in CF 222. Thus, at that point, the 160-day period on this case started the next day, on July 13, 2012. Eventually, the third case was dismissed. So all we're dealing with now is this particular case. But the statute does require that both of them be heard within the 160 days, right? My understanding is that's correct, yes. Now, in this case, because defendant waived his jury trial about a week before the trial's scheduled date, the trial judge said, we're going to set this within the court's regular schedule. Now, maybe the first case, it was the day before, it couldn't arrange a jury trial, there was no indication from the record why he was able to do it the very next day. But obviously, at this point, the judge said, I can't do a bench trial next week, that's our jury trial week, and there may have been another case pending that he could fit into that slot. We don't know. There's no background on that. The only Supreme Court case on this issue is Bostick, is that right? As I recall, yes. And it was one day before. And they said one day is an unreasonable delay. Right. And there's also a Johnson case out of this court from 1984 that talked about two days free trial. And there's a Pugier case from the 4th District and an earlier case from 77. All they described was late in the speedy trial term. And part of what I think we have to keep in mind is there is a constitutional right to speedy trial, as well as a constitutional right to jury and bench trials, but the actual statutory periods, the time, 120 days, 160 days, whatever, that's all statutory. And so the defendant can waive those or delay those by their own actions. And the 4th District case says late in the term, the speedy trial term. Yeah, I think it was late in the speedy trial period. I believe that's the way it was worded. Okay, and we're three months away from that. We're still well within the term at the time, so that's not an issue. Let me ask you about this reasonableness issue. I mean, I can understand that this be charged to the defendant under certain circumstances. You know, it's just unreasonable not to charge it. But is it just applicable to the defendant in other circumstances, six months, a year? I mean, when does that line drop? Can you give me any reasonable factors or outlines of how we are to make that judgment? When does that line cross? Well, of course we have the statutory periods, but as far as I think your question is, how long of a delay can we have between I mean, under what circumstances? I mean, there are other factors other than life here. I mean, judge's schedule, whatever. Certainly availability of witnesses for the defense. For instance, if they need to get a witness and they can't get them for a period of time, that would be one factor. Of course, if the state says they cannot get a material witness, they're under that same statutory section, 103-5E, they are allowed another 60-day extension. And the issue can extend into that 60 days. I don't know. But as far as factors, the ultimate one, of course, is the time limit. Certainly. So is there a way to measure this, or is it just do we sit up here and weigh them? I mean, on balance, this was unreasonable, or this was reasonable. I mean, what do we do? There may be factors that the court could determine or just formulate that would be applicable to every fact scenario, but I think in general each of these cases are fact-specific based on what is going on in the particular scenario that's involved. So I think it would be difficult to come up with three to five factors, for instance, to say these will apply to all of these types of situations. There are so many variables that go into these delays and so many reasons why a defendant would want a delay. In this case, it was simply initially because he wanted at the last, I won't say the last minute, but late in the period he decided he wanted a bench trial. And, of course, then the court has a schedule to adhere to. And so that has to be one of the factors, if you will, the court's ability to schedule a trial within a certain time frame. Some of the smaller courts only sit once a month in that particular county, for instance, whereas the Cook County, they would sit every day for jury trials and such. So I don't know specifically what factors might come into play that way. Well, I'm just trying to get some help here. I understand. Why is it reasonable in that case? In this case? This particular delay. We don't know why. We didn't have any... Your colleague thinks it's unreasonable. In this particular case, the trial judge, I mean, the defendant had already done this once before, the day before a trial, so he clearly knew that he had his right to a bench trial and that he could have it scheduled at a later time. He's not new to the criminal system. He's got a background, according to the record. I don't have any indication. I'm not going to claim that he was trying to game the system or anything at this point. He may just not be a very clear thinker and decide at the last minute to do a bench trial because maybe he was talking to somebody in jail and they said, hey, I think you ought to go to a bench trial on this, and then he changed his mind or something. We don't have any indication of why. But I think the important thing is that the defendant and his counsel acquiesced at a time period. The counsel stayed with his claim of speedy trial. We're not going to violate it, he says. So we've got the extension of time based on the defendant's jury waiver. But then eventually we have our trial finally set out on January 29th, which if you don't attribute any of the delay to the defendant, that's outside the 160-day period. But nobody objected to that. They had the trial on that particular day. So if the defendant doesn't object to setting the trial outside the term, then he forfeits that argument on appeal. And that's what happened here. In order for this court to find that this speedy trial had been violated, you first have to find that none of that period of time created the delay created by his waiver and the jury trial was attributable to him. And also that the failure to object to the setting of the bench trial outside the 160-day period does not result in forfeiture. So those two things, I think, are key to the holding in this particular case. So there was an objection by the defendant to the January bench trial date? No. Am I reading the record, Your Honor? I did not find an objection and I did look for it. And that should be sufficient law. I believe it would be, Your Honor. I may have misheard, but I thought the defendant said that there was an objection a month later. Well, there's a claim made to that, but as I said, we did not find it in looking for that particular objection. You know, he did, counsel absolutely did not abandon his speedy trial claim. That was never part of, you know, when he said, okay, we acquiesce to this delay, he maintained that claim. So that was still there. You mean to the delay to the, after the jury trial waiver? Right. The initial bench trial set date. Right. He said, we're not giving up our speedy trial. Correct. But when it was extended, while it was within the speedy trial period, there was no objection to that date in January. Correct. And our position is that the defendant's waiver of jury trial was a delay that was attributed to him. And therefore, with all the other motions that came in between during the course of this, that only 143 of the total 160-day period had expired by the time of his bench trial. But assuming that isn't accepted, then your fallback position is? He didn't object, so he's forfeited. And we also had the alternative claim that when the people filed a motion saying that they could not get their A material witness, one of the forensic people, in at a time, and they subsequently had an extension of the time of continuance, that that 60-day period under the same statute would then kick in. So we had the 60-day extension. What's the state's motion? Your 103-5E. Yes. It's a reasonable inference that that's what the state was trying to do. I believe so, yes. Okay. I heard you argue a material witness when you didn't call her when you had a trial. Well, I understand that argument. That's a very valid argument. But there was no objection to Foundation at the time. Foundation was provided by one of the witnesses. The people at the time who wanted to call this particular witness felt that she was important to Foundation. But since there was no objection raised, we have no idea if she was in the courtroom at the time. There's nothing in the record to say she was or was not there. And since there was no objection to the Foundation, some Foundation was provided. Perhaps at that time, at that moment, they felt that they did not need to call her, even though maybe that was not the most brilliant thing to do in hindsight. But again, the record doesn't say whether she was there or not at that time. Counselor has two minutes. We'll stand on our brief for any other argument regarding the ineffective assistance. And on this particular issue, do you have any other questions, Your Honors? Thank you, Mr. Nelson. Thank you. Mr. Collins-Stapleton, rebuttal. Just prior to the Best Trial on January 29th, counsel again argued yet another motion to discharge her from Speed Trial Grounds. But I don't see how this was forfeited. There was a full-blown hearing on that motion just before the Best Trial. So I'm not quite sure how that… What did happen in November? You said a month later at a hearing. In November, that's when, in November… You said there was an objection then. At the November hearing, this was the date after the jury waiver, counsel said the jury waiver should not be considered to be delayed for a bill to the defendant and said that the speed trial date term would toll on December 19th when the state changes to election. And the record would just fast forward to January 29th. And the first thing on that date is counsel's motion to discharge on Speed Trial Grounds. So counsel didn't forfeit in January. On the date, let's get this clear because I'd like to have it clear. So when the bench trial in January is to be held, defense counsel argues for moves to discharge the defendant in violation of speedy trial. Right before the bench trial. Okay. But weren't we talking about the period of the bench trial originally being set within the 160 days? Okay. That what happened that magically moved that to January? I do not know. Because we have a record date on the 29th. I'm sorry, November 2nd. Which is the date the original bench trial was to be held. Which was the date that the state sought a continuance. Because at that point. They sought a continuance how long before the bench trial date was set in December, right? Right, a month. Okay. So a month before they sought a continuance. Right. And it was. The bench trial was set on the 4th of December and the speedy trial term told on the 19th of December. Correct. But there was a motion for continuance that was granted to January. Am I correct? For this bench trial it was granted until January. And for the elected case, they changed their election. And they tried to try their elected case on the 4th. And I don't know what happened because we don't have those dates. But this bench trial was continued to the 29th. But there wasn't a hearing to change it? On the 4th. I'm sorry, on the 2nd. November 2nd they changed their election, I believe. Did Mr. Haynes object at the time that the trial was scheduled on the 29th of January? Did he object to the schedule? That's outside the speedy trial. Well, that's what he said, that you have to try him by the 19th. Of course, when we get to the 29th, there's the motion to discharge. I still think I am confused. I'll try to get confused. Let's go back. Let's start. Okay. Waive jury. On the 4th of September. Correct. Bench trial set for what date? December 4th. December 4th. Three months. Never mind that. It's within the 160 days. Right, correct. There's no argument there. No. And that's why defense counsel on November 2nd said there's no delay attributable to us because the court was able to schedule a bench trial comfortably within the term, which I think goes to your quest for reasonableness, Justice Lightman, because, again, when you're waiving your jury right three months before the term ends, that provides a lot of space. Now, can I get back to the... We went down that whole thing. Yes. Thank you. Now, so you're getting me confused. There is now a request by the state to move to January because of material witness. When was that request made before? I don't think there was a request for material witness. How did the January date get set by the court? Because on November 2nd, after defense counsel said, you have to try my client by the 19th of December, the state switched its election. Its election? What election? For the other case. Oh, okay. And that case then, the bench was going to be, the trial was going to be on the 4th of December, and the court then put this bench trial, the now non-elected case, to January 29th. And there was no comment by defense counsel about the setting of that date as, at that time, being outside the 160 days. I think there was simply just the notion that you have to try him by the 19th. And when was that made? When was that statement made? On November 2nd? On November 2nd. By defense counsel? Yes. I think, generally, it was made. And then, of course, on the 29th, there was, again, this motion to discharge. In January? Right. Right. Just before the bench trial. Is there kind of a suggestion that I'm not going to be too specific about this, I'm going to lie in the weeds and wait until January by defense counsel? I think defense counsel drew the line on November 2nd saying, December 19th is the date here. And that's what defense counsel was trying to do. Was trying to do. Okay. Because it's the state who's, you know, at that point, the defense is saying, we're making a speed trial demand, and state and court, you have to cooperate to get us tried by this date. I don't understand the state making the election, changing the election, because they're required to finish both of them within the 160 days. It's not clear to me at all what the state was doing at that point. There's almost an implication that the state's attorney didn't realize that he had to try both of them. I think that's right. Within 160 days, because they tried this thing about flipping the cases. But it didn't help them, because both of them had to be done within 160 days, if I'm reading the statute correctly. If that is correct, then yes, it didn't help them to try him on the 29th of January. One minute. So the November 2nd hearing before Judge Steins or Steens was for what purpose? That was for the state's continuance. They said, we're not going to be able to have our witness available on December 4th for the bench trial. Again, the defense counsel said, 19th is the date, our jury waiver didn't delay the proceedings, so be on notice that you have to try by client within this term, the 19th. Which is the 160th day. Yes. I'm sure there are questions, but thank you very much. Are there any other questions? Sure, Jim, Jim, but I think... Thank you. Thank you. We thank both of you for your arguments. This is a really tricky case. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for a panel change.